## Patrick McDermott v. Chicago City Ry. Co.

1. VERDICTS—*Upon Conflicting Testimony.*—A verdict upon conflicting testimony will not be set aside where there is evidence on the side of the successful party to sustain it.

**Action in Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Verdict for plaintiff, nominal damages; error by plaintiff. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed June 9, 1899.

**Statement.**—In his brief and argument, counsel for plaintiff in error states the case, as now before this court, as follows:

" This writ of error is prosecuted to reverse a judgment of one dollar damages, rendered in favor of the plaintiff in error, in an action on the case.

The grounds upon which a reversal is asked are, first, that the damages are unreasonably inadequate, and, second, because of certain errors going to the question of liability.

The facts of the case briefly are as follows: The plaintiff was one of a number of police officers stationed at Fiftieth and State streets, in the city of Chicago. Upon the night in question, a fire alarm was sounded, which rendered it necessary that the patrol wagon and a number of police officers should proceed with haste to the fire, which was a considerable distance to the east. The policemen, including the plaintiff, boarded the patrol wagon, which was driven by Zindell, a man employed for that special purpose. The wagon was covered, with a curtain in front, immediately behind the driver's seat. There was a heavy gong on the wagon, in a position where the driver could ring it with his foot while driving.

"The wagon proceeded immediately east on Fiftieth street to Indiana avenue, where, while crossing the street car tracks, it was struck by a south bound electric car belonging to defendant, was turned upside down, and the plaintiff and several other officers were seriously injured."

In addition to the foregoing, it should be stated that plaintiff in error was in charge of the patrol wagon; that

he was on the seat with the driver, although at the moment of the accident he had partially turned, so that his back was toward the approaching car, while he was assisting to roll up and fasten the curtain which was across the wagon, back of the seat upon which the driver and the plaintiff in error were seated.

JAMES C. McSHANE, attorney for plaintiff in error.

WILLIAM J. HYNES and SAMUEL S. PAGE, attorneys for defendant in error.

MR. JUSTICE HORTON delivered the opinion of the court.

A motion was made by defendant in error to strike from the files the abstract of record filed by plaintiff in error. That motion was reserved to the hearing. Although said abstract is in some important respects defective and insufficient, yet as we have used it, in the study of this case, the motion will be denied.

We are not disposed to disturb this verdict upon the contention that it is contrary to the evidence. There are some sharp conflicts in the testimony. The testimony of plaintiff in error as to his injuries is not as plain and frank as it might be. The fact that the physician who attended him was not called as a witness may have impressed the jury unfavorably as to what injury he may have sustained. The trial judge and the jury saw the witnesses. From our knowledge of the attorney for plaintiff in error, and his ability, we are very confident that the case of plaintiff in error was presented to the jury with all the force and persuasion that the facts would possibly warrant. We see nothing to indicate that the jury were prejudiced against the plaintiff in error, or in favor of defendant in error.

Plaintiff in error was a policeman in the employ of the city of Chicago. He says he has been a "wagonman" all the time, just the same as before the accident. His salary was paid in full the same as though the accident had not happened. Counsel for plaintiff in error, in his printed argument says, referring to plaintiff in error: "His doctor bills

and medicines also amounted to a considerable item." I do not find from abstracts of his testimony that he stated that he had paid anything therefor, or that he was liable therefor. If disposed so to do, the jury could not include in their verdict anything for doctor bills or for medicine, because there was no proof upon which to base it. We see no reason for disturbing the verdict of the jury upon any question of fact. As to plaintiff in error, the verdict is not "manifestly against the weight of evidence."

Counsel for plaintiff in error also contend that the trial court erred in instructing the jury, and in refusing an instruction asked by him. His abstract purports to give or refer only to "plaintiff's refused instruction." What, if any, instructions were given for him, the abstract does not show. The only refused instruction quoted or specifically referred to by counsel for plaintiff in error directed the jury that if they believed from the evidence, certain things indicated, then they should find the defendant guilty. That instruction makes no reference whatever to the question of damages. It is limited exclusively to the question of whether the jury should find the defendant guilty. The verdict is that the defendant was guilty. If that instruction was in all other respects good, as to which we express no opinion, yet, as the jury did all that it required, there was no reversible error in refusing to give it.

In none of the instructions given for defendant was there any direction as to damages. They were all addressed to the question of the guilt or innocence of the defendant. One of the instructions asked for plaintiff in error, and which was directed to the question of damages, was modified and given by the court. There is no contention in brief and argument for plaintiff in error that such modification was improper.

Under some circumstances a verdict for merely nominal damages may, perhaps, be treated as a finding for the defendant. But this is not such a case. Here the jury may have very properly concluded that, under the evidence and the instructions of the court, plaintiff in error was entitled

to damages, but that the proof established only nominal damages.

Perceiving no error, and for the reasons indicated, the judgment of the Superior Court is affirmed.